Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered February 14, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.
It is hereby ordered that the judgment so appealed from is modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We agree with defendant that he was improperly sentenced as a second violent felony offender inasmuch as the predicate conviction, i.e., the Georgia crime of burglary, is lacking an essential element required by the equivalent New York statute (cf. People v Toliver, 226 AD2d 255, 256 [1996], lv denied 88 NY2d 970 [1996]; People v Thompson, 140 AD2d 652, 654 [1988]).
*1139 Defendant pleaded guilty to burglary in 1999, at which time the Georgia burglary statute provided that “[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another” (Ga Code Ann former § 16-7-1 [a]). The equivalent New York burglary statute provides that “[a] person is guilty of burglary . . . when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling” (Penal Law § 140.25 [2] [emphasis added]). Thus, on its face, the Georgia statute is lacking an essential element — knowledge that the entry or decision to remain is unlawful. Because New York law requires proof of an element that Georgia law does not, defendant’s Georgia conviction cannot serve as a predicate (see generally People v Ramos, 19 NY3d 417, 420 [2012]).
We must remind our dissenting colleague of the recent decision of the Court of Appeals reciting the general rule that the inquiry into whether a foreign state’s conviction should be used as a predicate is limited “ ‘to a comparison of the crimes’ elements as they are respectively defined in the foreign and New York penal statutes’ ” (People v Jurgins, 26 NY3d 607, 613 [2015], quoting People v Muniz, 74 NY2d 464, 467-468 [1989]). Although it is a requirement that a person act intentionally in order to be convicted of burglary in Georgia, the fact remains that the element of acting “knowingly” is not included in the statute. We note that the First Department was referring to affirmative defenses in Toliver when it stated that the Georgia code included “express statutory provisions, requiring acquittal where ‘intention’ [was] lacking (Ga Code Ann[ ] § 16-2-2) or where the otherwise unlawful act or omission [was] justified by the defendant’s ‘misapprehension of fact’ (Ga Code Ann[ ] § 16-3-5)” (Toliver at 256). Those provisions, however, plainly are not elements of burglary in Georgia. Thus, in view of the statement in Ramos that a foreign statute is strictly equivalent only when it contains the “essential” elements of a comparable New York statute (Ramos at 419), the lack of knowledge element in the Georgia burglary statute renders defendant’s prior conviction insufficient for the purpose of sentencing him as a predicate felon.
In addition, we note that the Georgia legislature has included a knowing requirement in other crimes. By way of example, the Georgia statute for criminal trespass states that “[a] person commits the offense of criminal trespass when he or she knowingly and without authority . . . [e]nters upon the land or *1140 premises of another person ... for an unlawful purpose” (Ga Code Ann § 16-7-21 [b] [1]). Based on general rules of statutory construction, we may not read “knowingly” into the burglary statute. Indeed, “[a] court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74). Thus, in our view, the Georgia legislature’s failure to include such a requirement in this statute requires a finding that such element is not part of the crime.
While we agree with the dissent that Georgia case law indicates that criminal trespass is a lesser included offense of burglary (see Waldrop v Georgia, 300 Ga App 281, 284, 684 SE2d 417, 420 [2009]), we cannot assume from this that “knowingly” must be an element of the greater offense. To do so would move our analysis much past the required direct comparison of the elements of the crimes that is mandated by the Court of Appeals. In any event, the dissent has failed to present any Georgia case law specifically reading the “knowingly” requirement into the Georgia burglary statute. We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to resentence defendant (see People v Nieves-Rojas, 126 AD3d 1373, 1373-1374 [2015]).
All concur except Curran, J.,
who dissents and votes to affirm in the following memorandum.